Unreasonable delay and neglect to proceed in an action is a ground for the dismissal of the complaint (Code Civ. Proc. § 822), and, under the General Rules of Practice (rule 36), the defendant is authorized to move for a dismissal at any time after younger issues have been tried in their regular order. It is true that the motion to dismiss is addressed largely to the discretion of the court; but the order made, like all discretionary orders, can be reviewed, and, if the appellate court can see from the record before it that the court below has abused or improperly exercised the discretion lodged in it, then there is no doubt that the appellate court has power to review the order, and to reverse it, in order to correct the error. Lowenthal v. Lowenthal, 68 Hun, 366, 22 N. Y. Supp. 858; Patterson v. Patterson, 4 App. Div. 146, 38 N. Y. Supp. 637.

We think in this case the discretion of the court was improperly exercised, under the facts presented, and for that reason the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

(27 Misc. Rep. 682.)

### In re 478 CHERRY ST.

(Supreme Court, Special Term, New York County. June 17, 1899.)

MECHANIC'S LIEN—DISCHARGE OF LIEN—MOTION TO SUBSTITUTE BOND FOR DEPOSIT.

Since the statutes contain no provision for the substitution of a bond in place of a deposit in court, made to discharge a mechanic's lien, a motion for such substitution will be denied for want of jurisdiction.

Motion to substitute a bond for a deposit already paid into court for the discharge of a mechanic's lien against No. 478 Cherry street. Motion denied.

C. H. Fisher, for the motion.

E. C. Baldwin, opposed.

GILDERSLEEVE, J. The owner of the property discharged a mechanic's lien by the payment of money into court in accordance with the provisions of the lien law (Laws 1897, c. 418). He now asks leave to substitute a bond in place of the money. The statute contains no provision for such a proceeding, and I am unable to find any precedent therefor. It seems to me that the court is without jurisdiction to make the order asked for.

Motion denied. No costs.

### LANIER v. HOADLEY et al.

(Supreme Court, Appellate Division, First Department. June 9, 1899.)

1. APPEAL—TRIAL BY COURT—EXCEPTIONS.

Code Civ. Proc. § 994, requires that an exception to a ruling on a question of law, made after final submission of the cause to the court without a jury, must be taken by filing and serving it. Section 995 provides that