In the Matter of TUMAC REALTY CORP., Petitioner. INGRAM S. CARNER et al., as Copartners, Respondents.

City Court of the City of New York, Special Term, Kings County, December 12, 1952.

*Kramer & Bober* for petitioner.

*Sharf & Hellenbrand* for respondents.

BENJAMIN, J. Tumac Realty Corporation moves for an order fixing the amount of an undertaking to discharge the mechanic's lien in the sum of $4,200 filed in the office of the Clerk of Kings County on October 14, 1952, and for a further order authorizing said Tumac Realty Corporation to substitute such undertaking in the place and stead of a cash deposit heretofore made pursuant to section 20 of the Lien Law, and for a return of such deposit upon the filing with the said Clerk of Kings County of such undertaking approved by the court.

The facts in the case are as follows: On October 14, 1952, the lienors, Ingram S. Carner and Morton S. Cahn, filed a mechanic's lien in the sum of $4,200 in the office of the Clerk of Kings County against certain property in the borough of Brooklyn, owned by the said Tumac Realty Corporation. On October 17, 1952, the owner, Tumac Realty Corporation, caused said lien to be discharged by depositing with the said Clerk of Kings County the sum of $4,202.80, pursuant to the provisions of section 20 of the Lien Law. The owner now seeks to substitute for this cash deposit a bond, pursuant to subdivision 4 of section 19 of the Lien Law.

This application is resisted by the lienors upon the ground that the use by the owner of section 20 was a final election of remedies, and that the said lien, now discharged by the making of said deposit, is not subject to further discharge by a substitute method. Authority for this contention is found in *Matter of Mechanic's Lien (478 Cherry St.)* decided by the Special Term of the Supreme Court, New York County, on June 17, 1899 (27 Misc. 682). The court there held as follows: " The owner of the property discharged a mechanic's lien by the payment of money into court in accordance with the provisions of the lien law (Chap. 418, Laws of 1897). He now asks leave to substitute a bond in place of the money. The statute contains

no provision for such a proceeding, and I am unable to find any precedent therefor. It seems to me that the court is without jurisdiction to make the order asked for. Motion denied."

The learned judge at Special Term, in making this decision, had before it for consideration the Lien Law provided for by chapter 418 of the Laws of 1897, and more particularly sections 18 and 19 of said chapter. For our purposes the instant law, which we now have before us for construction, is identical with the 1897 statute and it, therefore, remains for this court either to follow the decision of Special Term or to reject it. The court is constrained to adopt the latter position.

Section 20 of the Lien Law, pursuant to which the money was deposited, provides as follows: " A deposit of money made as prescribed in this section shall be repaid to the party making the deposit, or his successor, upon a discharge of the liens against the property, pursuant to law."

This provision, which existed in the prior statute, appears to have escaped the attention of the learned court in the *Cherry Street* case.

The use of the language " upon a discharge of the liens against the property, pursuant to law " necessarily makes reference to a discharge of a lien by reason of a legal method other than the deposit of the money. If the Legislature had intended that moneys once deposited were to be held subject only to the order of the court upon a final determination of a suit for the enforcement of the lien, it would not have employed the language used.

It is quite clear, moreover, that the legislative scheme of the Lien Law contemplates various circumstances which would necessarily require the return of the deposit for causes other than a final adjudication upon the merits.

In section 19 of the Lien Law are enumerated the circumstances under which a lien may be discharged pursuant to law. They are six in number, to wit:

1. Satisfaction certificate.
2. Failure to commence an action to foreclose within the time provided by law.
3. Discharge by court order for failure of prosecution.
4. The filing of an undertaking.
5. A final judgment in favor of the owner.
6. A dismissal of the lien for invalidity upon the face thereof.

These six subdivisions set forth the circumstances under which a mechanic's lien may become discharged, pursuant to

law. These provisions, therefore, must be deemed to be what the Legislature had in contemplation when it provided in section 20 that the funds shall be returned to the owner " upon a discharge of the liens against the property, pursuant to law."

It is quite obvious that sections 19 and 20 must be read together. Where an owner finds his property incumbered by a mechanic's lien and deposits the cash pursuant to section 20, as in the instant case, for the purpose of clearing his title to obtain pending financing, he has not, by reason of that fact, surrendered the remedies provided for by section 19. He still retains the right to move to dismiss the lien if it is invalid on its face, or if it be not prosecuted within the time provided by law, or for any of the other reasons set forth in section 19. The deposit in effect merely transfers the lien from the real estate to the cash, preserving to the owner of the property all other rights which the statute gives to him.

The Legislature has not excluded subdivision 4 of section 19 from the operation of section 20. It provides for the return of the money upon a discharge of the lien, pursuant to law, and the furnishing of a bond is one such method of discharging a lien, pursuant to law. Had the Legislature intended bonds and cash deposits to be mutually exclusive, it undoubtedly would have so stated, and would have provided for such discharge by cash or bond as alternative remedies under section 20, rather than by including the provisions for a bond as one of the six remedies provided for by section 19.

The wisdom of the legislative purpose is readily apparent. A mechanic's lien on a building in the course of construction, unless promptly removed, can entail loss of credit, work stoppage, and financial collapse. The time element may make imperative the use of the deposit method of discharge to avert disaster. The remedy of deposit, therefore, may quite properly be used as a stopgap pending the employment of a more leisurely remedy under any of the appropriate provisions of section 19. The purpose of the subsequent bond is to free such cash deposits made under the pressure of legal and economic emergencies.

The court, therefore, rules that the remedies provided by section 19 are cumulative and not exclusive, and that a cash deposit may be returned in the event the lien is discharged, pursuant to the operation of any of the said provisions of section 19.

Accordingly the motion is, in all respects, granted. The bond is fixed at the sum of $5,000, and the moneys deposited are directed to be returned upon the filing of an appropriate bond, in accordance with the provisions of subdivision 4 of section 19 of the Lien Law.

Settle order on two days' notice.