MORRIS et al. v. KAHN.

(City Court of New York, General Term.   March 2, 1900.)

DEFAULT JUDGMENT—FRAUD—MOTION TO OPEN—AFFIDAVIT OF MERITS—NE-
    CESSITY.
      Where defendant was served with a summons only, containing an in-
    dorsement that judgment for a specified sum would be entered against
    him on his failure to appear or answer, which sum he conceded to be due,
    and judgment was entered by default on a complaint charging him with
    fraud, of which he was not advised, and he was thereafter arrested on
    an execution against his person, defendant was entitled to order opening
    the default to enable him to disprove such fraud, though he had filed no
    affidavit of merits.

Appeal from special term.

Action by Nelson Morris and others against Bernhard Kahn.
From an order opening a default judgment against defendant, plain-
tiffs appeal.   Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN, J.

H. B. Bradbury, for appellants.

A. H. Purdy, for respondent.

CONLAN, J.   This is an appeal from an order opening the de-
fendant's default.   The summons was served without any com-
plaint, and contained the usual indorsement in such cases, that,
upon default to appear or answer, judgment for a specified sum
would be taken.   Conceding the amount demanded to be due as
upon contract, and not being authorized or advised of the gravamen
of any complaint, the defendant was advised that a defense to the
action would be useless, unless, perhaps, it was desirable to delay
a judgment.   Failing to appear or answer, therefore, a judgment
was entered upon a complaint charging fraud, and upon such judg-
ment the defendant was arrested upon an execution issued against his
person.   The office of an affidavit of merits is to advise the court that
the defendant has a defense to the cause of action, or some part of it,
which, if proven, would tend to defeat the amount sought to be recov-
ered; and, conceding the amount to be due as claimed, it would seem
that an affidavit of that character could hardly, with reason, be
interposed.   We think the matter was well within the discretion of
the justice who granted the order at the special term, and that the
defendant was clearly entitled to an opportunity to disprove the
charge of fraud alleged in the complaint, and that the discretion
was not unreasonably exercised to the prejudice of the plaintiff,
and are therefore of the opinion that the order appealed from
should be affirmed, with costs.

FITZSIMONS, C. J., concurs.