DAVID TABAKIN and Others, Copartners, Doing Business under the Firm Name and Style of TABAKIN BROS., Appellants, *v.* SAMUEL FREIMAN, Respondent.

First Department, July 6, 1926.

**Judgments — default judgment based on fraud — order opening default reversed.**

The order, opening a default judgment rendered against ·the defendant, in an action based on fraud, was improperly made, since it appears that there is no meritorious defense and that the defendant made no effort to defend the action, and in fact willfully failed to do so and was not moved to action until after the judgment had been entered and a body execution issued.

APPEAL by the plaintiffs, David Tabakin and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of February, 1926, granting defendant's motion to vacate a judgment entered on defendant's default in pleading, and opening defendant's default upon the payment by him of taxable costs and costs of motion.

*Jay Leo Rothschild* of counsel [*Jacob Lippman* with him on the brief], for the appellants.

*Harry M. Marks* of counsel [*Marks & Marks*, attorneys], for the respondent.

MARTIN, J. This action was brought after, as it is indicated, plaintiffs had been cheated by defendant who, concealing his insolvency and representing himself to be solvent, induced them to deliver to a warehouse for him, but on consignment, certain goods of the value of $9,413.90. He gave plaintiffs notes and a check, plaintiffs to retain title to their property until actual payment. Though none of these notes were paid, his bank account having been closed, he took the merchandise from the warehouse and sold it. While he now asserts that most of the merchandise came into the possession of the receiver, there is proof that he at first stated he had sold it, and there are other reasons for believing that in this respect his averments are false.

One of the parties to whom he sold a portion of the goods admits the sale but asserts as a defense to an action for the value of same, that payment therefor was made to defendant to the extent of $3,581.95.

It appears that defendant relied on pending proceedings in bankruptcy and deliberately defaulted in this action, serving no answer. The summons and complaint were served on January 6, 1926. Defendant failing to answer, judgment was entered against him by default on February 1, 1926. Execution against his property was returned unsatisfied. A body execution was thereupon issued and the defendant was arrested. Not until then was anything done by him.

The defendant says that the failure to answer was due to neglect of the matter by a clerk in the office of his lawyer. The action having been commenced on January 6, 1926, plaintiffs' attorney received a letter on January 7, 1926, from the attorneys representing the defendant, in which it was stated that in view of a voluntary petition in bankruptcy, " It will, therefore, be useless to take any further proceedings in this action."

Not only was the default deliberate, but the papers leave it virtually established that defendant attempted deliberately to cheat the plaintiffs and that there is no meritorious defense.

In the interest of commercial honesty, we think the order opening the default should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, FINCH and MCAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.