GILBERT SEELEY, Plaintiff, *v.* RICHARD M. GREENE, Defendant.

Supreme Court, Broome County, January 5, 1931.

*Raymond G. Walker*, for the plaintiff.

*V. D. Stratton*, for the defendant.

Personius, J. Ordinarily this motion would be denied on the ground that the default was intentional and the defendant guilty of laches.

However, the action was commenced by the service of a summons and notice to the effect that, upon default, judgment would be taken for $410 and costs. No complaint was served. The complaint, when filed, alleged fraud, and the plaintiff made proof at Special Term and was given a tort judgment. A body execution was issued.

The defendant, by his moving papers, denies any fraud. He details the transactions with the plaintiff and names the witnesses by whom he says he can disprove fraud. While making no objection to the entry of a judgment based on contract, he seeks to vacate the judgment in order that he may contest the allegations of fraud.

We think this motion should be granted. (*Morris* v. *Kahn*, 31 Misc. 25.) Authority for serving a notice (without a complaint) is found in rule 46 of the Rules of Civil Practice. It provides in substance that a notice may be served in an action for the breach of an express or implied *contract*. There is no authority for the service of such notice in a *tort* action.

A comparison of the language of rule 46 with the language of section 485 of the Civil Practice Act indicates that the service of a notice is authorized only in cases where a default judgment may be entered by the *clerk*, as provided in section 486.

The plaintiff seems to have elected to ignore the notice and obtain his judgment from the *court* upon the service of a summons alone under sections 489 and 490 of the Civil Practice Act and rule 191 of the Rules of Civil Practice.

We think that when the plaintiff served a notice with his summons, the defendant was justified in assuming that the plaintiff was seeking to recover a judgment on contract only — a judgment which could be entered by the clerk — and was not seeking a judgment in tort for fraud which could only be entered by the court. There being no authority for the service of such notice in a tort action, the service of a notice was an indication that

the plaintiff was not suing in tort. Upon the service of a summons alone, it is incumbent upon the defendant to appear and demand a complaint in order that he may be advised of the plaintiff's alleged cause of action. But when the summons is accompanied by a notice, the defendant is advised that the plaintiff's alleged cause of action is in contract for a definite amount. In the present case, the defendant consulted an attorney and was advised, or at least understood, that the purpose of the action was to recover $410. As the defendant admitted owing the plaintiff that sum on contract, no appearance or answer was interposed.

Where a complaint is served, a default judgment must follow the complaint and the relief therein demanded. (3 Abb. Pr. & Forms, 2160, note 97, and cases cited.) The notice served with a summons is in effect a short form of complaint and advises the defendant that the action sounds in contract because the service of a notice is authorized only in contract actions. It seems reasonable to require that the default judgment entered upon notice must follow the notice.

In *Tabakin* v. *Freiman* (217 App. Div. 665), cited by plaintiff, the complaint was served with a summons. In the other cases cited by plaintiff a judgment based on contract had been entered after a willful default.

We think the defendant should be given an opportunity to contest the issue of fraud. The motion is granted upon the payment by the defendant of ten dollars costs. The order may provide that the judgment entered stand as security and that the plaintiff have leave to secure the amount of the judgment by any proceedings to enforce its collection as a judgment on contract for money only but not by body execution. The defendant may serve his answer within ten days after the service of a copy of the order and notice of entry and the payment of said costs.