DAVID THOMAS, Respondent, v. FIRST NATIONAL BANK OF LISBON and ANNA M. MADILL, Appellants.

Third Department, March 4, 1942.

John J. Livingston, for the appellant First National Bank of Lisbon.

William H. Hampton, for the appellant Madill.

Albert Jakobson [Benedict S. Rosenfeld of counsel], for the respondent.

HEFFERNAN, J. Defendants have appealed from a judgment of the St. Lawrence Trial Term of the Supreme Court in plaintiff's favor for $2,500 damages and $65.25 costs in an action for false imprisonment.

There are no disputed questions of fact. The evidence discloses that on April 15, 1937, plaintiff borrowed from defendant bank the sum of seventy-five dollars on a promissory note made by him and by the codefendant Madill. The note was renewed from time to time until March 15, 1938, when plaintiff paid ten dollars to apply on the principal indebtedness and interest to that date. On June 6, 1938, the bank instituted an action in a Justice's Court in St. Lawrence county against plaintiff and defendant Madill to recover the balance due on the note. Attached to the summons was a notice stating that upon default judgment would be taken in favor of plaintiff and against defendants in that action for the sum of $65.65. Plaintiff conceded that he owed the amount for which the action was brought and consequently did not appear on June 13, 1938, the return day of the summons. Defendant Madill appeared by a lawyer named Cohen. A judgment was rendered against plaintiff alone for $74.05 in favor of the bank and for no apparent reason the action was discontinued as to defendant Madill. At the request of defendants the justice issued a transcript of the judgment and made a notation thereon reading: " The defendant is liable to an execution against his person." At the suggestion of Madill's lawyer the bank procured the issuance of an execution out of the St. Lawrence County Court against the person of plaintiff under which he was confined in the county jail from June 24, 1938, to July 1, 1938. On the latter date the special county judge of St. Lawrence county vacated the body execution and discharged plaintiff because of some defect in the papers on which the execution was issued. The bank then applied for and was granted a second execution against plaintiff's body under which he was imprisoned from July 11 to July 15, 1938, at which time he was released pending an appeal to the County Court from the judgment rendered by the justice of the peace. The judgment was subsequently reversed, and, although plaintiff repeatedly endeavored to have the action retried, he has been unsuccessful. After his release from incarceration plaintiff brought this action to recover damages for the wrongful imprisonment.

The action before the justice of the peace was founded on a promissory note and a judgment based thereon furnished no justification whatever for the issuance of process against the body. The notice attached to the summons makes the conclusion inevitable that the bank's action was *ex contractu* and not *ex delicto*. Rule 46 of the Rules of Civil Practice provides in substance that a notice may be served in an action for the breach of a contract express or implied. There is no authorization whatever for the service of such a notice in an action sounding in tort. (*Seeley* v. *Greene,* 139 Misc. 90.)

When plaintiff was served with the summons he had the right to rely on the notice attached thereto that upon his default judgment would be taken against him for the breach of his contract to pay the note. No other judgment could be rendered against him. The court had no jurisdiction to issue execution against the person of the plaintiff. The execution was absolutely void and afforded the defendants no protection against plaintiff's cause of action. (*Rizzo* v. *Riddell*, 262 App. Div. 779.)

In his charge the trial justice very correctly instructed the jury that the executions under which plaintiff was incarcerated were void and that the only issue before them was the amount of damages to which plaintiff was entitled. No other issue was submitted to the jury. At the close of the charge the attorneys for both defendants announced that they had no requests and no exceptions.

After the rendition of the verdict the attorney for defendant bank moved to set aside the verdict on the ground " that the charge to the jury was wrong in stating that the executions were void and there was no jurisdiction to lock the defendant [plaintiff] up." Counsel for defendant Madill alleged no such specification of error. Even if it possessed merit, which it did not, the belated objection made by the bank's attorney presents no question for review. An exception to a charge given to the jury must be taken before the jury have returned their verdict. (Civ. Prac. Act, § 446.)

On this appeal defendant Madill contends that the court erred in submitting the case to the jury as one for assessment of damages only and that it likewise erred in the instructions regarding punitive damages. She made no such contention on the trial and she is now too late to make any such contention before us. However, we have examined the charge with care and find that it is a clear, correct and accurate expositur of the law on the question submitted.

The final point of defendant Madill is that the damages are excessive. That contention is likewise without merit. Defendant bank has filed no brief so that we cannot conjecture what reason it may have for a reversal of the judgment.

The judgment against both defendants should be affirmed, with costs.

HILL, P. J., CRAPSER, BLISS and SCHENCK, JJ., concur.

Judgment against both defendants affirmed, with costs.