Louis Gr. Bruhst, J.
This is an application for an order refunding moneys deposited with the Ulster County Clerk for the purpose of discharging a mechanic’s lien.
For the purposes of the application, it is conceded that the lien in question was filed against the petitioners on December 14, 1956 in the amount of $3,300; that said lien was discharged by payment to the Ulster County Clerk on November 14, 1957 of $3,498; that no order of continuation of said lien was obtained and no notice of pendency was filed.
Section 20 of the Lien Law provides in part: “ All deposits of money made as provided in this section shall be considered as paid into court and shall be subject to the provisions of law relative to the payment of money into court and the surrender of such money by order of the court.”
Sections 133 to 137 of the Civil Practice Act and rules 29 to 34 of the Rules of Civil Practice contain the provisions respecting the holdings of moneys paid into court and the withdrawal thereof.
Sections 19 and 20 of the Lien Law provide the only methods by which a lien may be discharged and such sections adopt the lapsing provisions contained in section 17 of the Lien Law.
Since it is conceded that no order continuing the lien was obtained, that phase of the section is eliminated.
Section 17 provides in part: “ No lien specified in this article shall be a lien for a longer period than one year after the notice of lien has been filed, unless within that time an action is commenced to foreclose the lien, and a notice of the pendency of such action, * * * is filed ’ ’.
“ This section is self-executing so that if the year expires and the lienor has not taken the * * * necessary steps, the lien *411 lapses without any court order or further action.” (Matter of Pennington, 129 N. Y. S. 2d 360, 361.)
While the petitioners urge, as a basis for their relief, that no lis pendens was filed, such failure is not fatal since the said section 17 further provides: “Where a lien is discharged by deposit or by order, a notice of pendency of action shall not be filed.”
The sole question involved, therefore, is whether or not the lienors commenced an action to foreclose the lien within the required period.
In support of their contention, the lienors submitted an affidavit of the Sheriff of Ulster County that summonses were filed in his office on December 13, 1957 and service effected on the petitioners herein on December 16,1957.
While the affidavit indicated ‘1 summons ’ ’, it was conceded by counsel that it was “ summons with notice ”.
It seems well-settled law that in all actions or proceedings in a court of record the delivery of process to the Sheriff of the proper county within the time limited by statute with the intention to have the same served is equivalent to the commencement of the action within said time. (Matter of Selwyn Realty Corp., 184 App. Div. 355, affd. 224 N. Y. 559.)
Even conceding that the summonses were timely filed pursuant to section 17 of the Civil Practice Act the question, in the opinion of this court, is not whether an action was commenced, but whether an action to foreclose the lien was commenced.
Section 43 of the Lien Law provides in part: “ The provisions of the civil practice act relating to actions for the foreclosure of a mortgage upon real property, and the sale and the distribution of the proceeds thereof apply to actions in a court of record, to enforce mechanics ’ liens on real property, except as otherwise provided in this article. ’ ’
Although a mechanic’s lien is a statutory rather than a contractual lien and although the proceeding for its foreclosure is not an equity action but rather one of statutory creation, nevertheless since section 43 of the Lien Law mandates following generally the practice prevailing in an action to foreclose a mortgage on real property, a well-recognized equity suit, the action to foreclose a mechanic’s lien, at least in a court of record, is of equitable cognizance. (Kenney v. Apgar, 93 N. Y. 539, 545; Morton v. Tucker, 145 N. Y. 244, 247.)
Rule 46 of the Rules of Civil Practice provides: “ If an action be brought for the breach of an express contract to pay absolutely, or on a contingency, a sum or sums of money fixed by the terms of the contract, or capable of being ascertained there *412 from by computation only; or on an express or implied contract to pay money received or disbursed, or for the value of property delivered, or for services rendered by, to, or for the use of, the defendant or a third person; and the complaint be not served with the summons, the plaintiff may serve with the summons a notice stating the sum of money for which judgment will be taken in case of default.”
Since there is no authority for filing a summons with notice in any action other than those enumerated in rule 46, it becomes apparent that the lienors have failed to commence an action to foreclose the lien within the required statutory period.
As the court so aptly stated in Seeley v. Greene (139 Misc. 90, 92): “ The notice served with a summons is in effect a short form of complaint and advises the defendant that the action sounds in contract because the service of a notice is authorized only in contract actions.”
Again in Thomas v. First Nat. Bank of Lisbon (263 App. Div. 476, 477), the court stated: “ The notice attached to the summons makes the conclusion inevitable that the bank’s action was ex contractu and not ex delicto ”.
Therefore, in view of the foregoing, the petitioners’ application is granted and the lienors are relegated to their contractual rather than their equitable remedy.
Submit order accordingly.