Samuel Babin, J.
Three motions are before the court: (1) by defendants Panueeio to dismiss the complaint on the ground that the court does not have jurisdiction of the subject matter of the action; (2) by defendants Grossman and Begina Associates, Inc., to dismiss the complaint on the grounds that the court does not have jurisdiction of the subject matter of the action and that the complaint fails to state facts sufficient to constitute a cause of action, or, in the alternative, to dismiss the complaint for plaintiff’s failure diligently to prosecute the action, and (3) by defendants Grossman and Begina Associates, Inc., to dismiss the cross complaint of defendants Panueeio for their failure diligently to prosecute it.
This is an action to foreclose a mechanic’s lien. Plaintiff’s notice of lien was filed on May 4,1956. A notice of pendency and copies of the summons and verified complaint were filed on April 29, 1957. Service of the summons and complaint was made on defendants Panueeio on May 9, 1957, and on defendants Grossman and Regina Associates, Inc., on May 10, 1957. Answers were served, respectively, on May 27 and May 31, 1957, and on June 18,1957, defendants Grossman and Regina Associates, Inc., *711 mailed their verified answer to the cross complaint of defendants Panuccio. Settlement negotiations, though fruitless, continued through the Spring of 1958. After the motion was made against defendants Panuccio, they noticed the action for the March 1959 Term.
Of the three methods by which a mechanic’s lien can be kept alive beyond the basic period of one year (see Blanc, Mechanics’ Liens, p. 299; Lien Law, § 17), the only one applicable here is ‘ ‘ the commencement by the lienor within the year, of an action to foreclose the lien, and the filing of a notice of pendency thereof ” (Blanc, Mechanics’ Liens, p. 299). But under that method the foreclosure action must be commenced and the notice of pendency filed within one year from the filing of the notice of lien. Here, the notice of lien was filed on May 4,1956, and the notice of pendency on April 29, 1957, but the foreclosure action was not commenced until May 9, 1957. Such being the case, the lien fell after the expiration of the year (Matter of Crispino v. Musialkiewicz, 9 Misc 2d 409; Matter of Pennington, 129 N. Y. S. 2d 360, 361; Blanc, Mechanics’ Liens, p. 299) and judgment of foreclosure and sale cannot be directed against any of the parties to the action (Noce v. Kaufman, 2 N Y 2d 347, 351). That is not to say, however, that a personal judgment cannot be obtained by plaintiff (Lien Law, § 54; Noce v. Kaufman, supra, pp. 351-352).
Plaintiff argues, however, that commencement of the action within 60 days after filing the notice of pendency automatically extended the mechanic’s lien for a further period of three years, that being the period section 121-a of the Civil Practice Act states a notice of pendency is effective. This argument is without merit. The avowed purpose of that section, which was added in 1957 upon recommendation of the Law Revision Commission (Second Annual Report, pp. 106, 114-116), was to “ limit the effectiveness of a notice of pendency for a period of three years from the date of filing thereof ” (p. 115 [emphasis supplied]). Section 121-a deals with notices of pendency and nothing more. As noted above, section 17 of the Lien Law requires not only that a notice of pendency be filed within the year, but that an action to foreclose the mechanic’s lien be commenced within that period. An action is not commenced by the filing of a notice of pendency, but by the service of a summons. The first of the two summonses here was served on May 9,1957, more than one year after the notice of lien was filed.
In view of the foregoing, the motions are disposed of as follows: (1) The motion of defendants Panuccio is granted. Strictly speaking, the objection that the court does not have *712 jurisdiction over the subject matter is not well taken. The Supreme Court unquestionably has jurisdiction over an action to foreclose a mechanic’s lien and such jurisdiction is not divested by the circumstance that the particular action before it is not maintainable for one reason or another, e.g., as here, that it was not timely commenced. Since, however, no objection has been interposed to the nature of the motion made, but opposition directed solely to the merits thereof, and since nothing but a waste of time, effort and expense would be achieved by a denial without prejudice, the motion has been disposed of on the merits. (2) The main branch of the motion of defendants Grossman and Regina Associates, Inc., which is addressed to the complaint, is denied. While no judgment of foreclosure may be obtained against them, for the reasons noted above, a personal judgment may be and, in the opinion of the court, the complaint states facts sufficient to constitute a cause of action for such relief. The alternative branch of that motion is also denied. The court is satisfied that plaintiff’s delay in prosecuting this action was excusable. (3) The motion by defendants Grossman and Regina Associates, Inc., which is addressed to the cross complaint, is denied for the reason noted in (2) above as to the alternative branch of that motion.
Settle orders.