Paul J. Widlitz, J.
The defendant, Caroline Indiveri, seeks an order canceling a notice of lien filed by the plaintiff and the dismissal of the complaint for failure to file a notice of pendency of the action. The codefendants, Sheldon, move to dismiss the action for failure to commence the action within the applicable period of limitations (Rules Civ. Prac., rule 107, subd. 5).
This is an action to foreclose a mechanic’s lien brought by a subcontractor against the owners of the property (Sheldon) and the general contractor (Indiveri) in charge of the improvements. On July 13, 1961, the plaintiff filed a notice of lien. An action to foreclose the lien was commenced against the general contractor on July 18, 1962, and against the owner on July 26, 1962.
The plaintiff contends that the action was commenced within one year from the date of filing the lien by reason of the fact that the summons and complaint in the action were delivered to the Sheriff on July 5,1962, and served by him within 60 days thereafter. Whether or not the action was commenced ivithin the aforesaid one-year period is immaterial to the issue presented. The significant point in this case is that the plaintiff failed to file a notice of pendency of the action.
The commencement of an action by itself is insufficient to continue a lien beyond the one-year statutory period (see Blanc, Mechanics’ Liens, § 49b, p. 307). Section 17 of the Lien Law expressly provides that no lien shall be valid for a longer period than one year after notice of lien has been filed unless within that time both an action is commenced to foreclose the lien, and a notice of pendency of such lien is filed or an order be granted extending such lien. Since no order continuing the lien was obtained in this case, the lien of the plaintiff lapsed due to his failure to file a notice of pendency (Noce v. Kaufman, 2 N Y 2d 347; Reimer v. Naughton, 191 App. Div. 711). Where *634 a mechanic’s lien lapses, no judgment of foreclosure and sale can be directed against the defendants and no personal liability exists against them in the absence of an express or implied agreement to pay for the work performed (Noce v. Kaufman, supra, pp. 351-352; Contractors Constr. Co. v. Grossman, 17 Misc 2d 710).
The complaint here fails to allege any snch agreement on the part of the owners, but contains sufficient facts to spell out a promise by the general contractor to make payment for the work. Consequently, a personal judgment against the latter defendant may be granted as to such items as could be the subject of a mechanic’s lien notwithstanding the circumstance that the complaint only asks for the foreclosure of the lien (Noce v. Kaufman, supra). The motion to dismiss is accordingly granted as to the defendants, Mel W. Sheldon and Mildred Sheldon, and is denied with respect to the defendant, Caroline Indiveri. Leave to serve an amended complaint against the defendants Sheldon, within 20 days from the date of service of a copy of the order hereon with notice of entry, is granted, if the plaintiff be so advised.