■ PEGGY Z. DOUGLAS et al., Appellants, v ANDREW M. HAY, Respondent.—Order, Supreme Court, New York County, entered December 16, 1977, granting defendant's motion to dismiss the first, second and fifth causes of action, unanimously reversed, on the law, without costs or disbursements, and the motion denied. Dismissal was granted on the ground of *res judicata* emanating from the settlement of and entry of judgment in an earlier matrimonial action between Sharman Douglas Hay, a coplaintiff herein, and defendant. Special Term found that the basis of *res judicata* was the stipulated dismissal in the matrimonial action of the fifth cause of action, which sought to establish plaintiff Sharman Douglas Hay's right of joint ownership in certain realty. While it is clear that at least two of the causes of action dismissed at Special Term involve the same claim as asserted in that fifth cause of action, we find that there is an issue of fact as to the meaning and intent of the parties in the stipulated dismissal. Hence, at this juncture, dismissal on the ground of *res judicata* as a matter of law is inappropriate. Moreover, it appears that the fifth cause of action herein is wholly outside the ambit of any claim asserted in the prior action. Finally, we note that *res judicata* is no bar to the other plaintiff, Peggy Z. Douglas, who was not a party to the earlier action. We do not pass on the question of whether the issue of *res judicata* should be tried before the other issues. Concur—Birns, Silverman, Markewich and Sullivan, JJ.; Lupiano, J. P., concurs in a memorandum as follows: I concur in the result reached by the majority on the basis that, *as a matter of law,* dismissal of the first, second and fifth causes of action on the ground of *res judicata* is inappropriate. On this record no meritorious factual issue has been demonstrated as to the meaning and intent of the parties respecting the stipulated dismissal of the fifth cause of action in the matrimonial action between Sharman Hay and Andrew Hay. Plaintiff Sharman Hay commenced a matrimonial action against defendant Andrew Hay on July 2, 1975, seeking, *inter alia,* an absolute divorce. A fifth cause of action in the matrimonial action sought "an adjudication that plaintiff and defendant jointly own title to the property known as Hay Hill, located in Stone Ridge, New York, and a direction that defendant execute and record a deed effectively conveying title to reflect such joint ownership." During the pending of the matrimonial action, and by service of a summons only, dated August 18, 1976, Sharman Hay and her mother, Peggy Douglas, commenced the instant action against defendant. The summons contained a notice that "The object of this action is replevin." Defendant appeared generally in this action. The matrimonial action culminated in a judgment entered March 1, 1977 which provided in relevant part: "ORDERED, ADJUDGED AND DECREED that the plaintiff's Fifth cause of Action be, and the same hereby is, dismissed without prejudice to the continuation of an action entitled *Peggy Z. Douglas and Sharman Douglas Hay v. Andrew M. Hay* [the instant action] now pending in this Court". The judgment of divorce submitted for settlement and signed by the court was submitted by the defendant. Thereafter a complaint (which was verified) was served for the first time in the instant action. That complaint, in addition to reciting a cause of action for replevin, asserted causes of action which are related to and, in effect, reassert the fifth cause of action dismissed without prejudice in the matrimonial action. Upon service of this complaint, defendant unsuccessfully sought to resettle the judgment of divorce so as to limit the plaintiffs in the instant action to a cause of replevin only. Defendant's motion to resettle was denied without prejudice

to seeking appropriate relief in this action. Subsequently, defendant moved in this action for dismissal of the first, second and fifth causes of action on the ground of *res judicata,* which motion was granted by Special Term. The majority of this court on plaintiffs' appeal have opted to reverse Special Term, viewing the matter as one involving an issue of fact as to the meaning and intent of the parties. I disagree. Beyond peradventure the court must look to the terms of the judgment of divorce itself to determine the effect of that judgment and whether it dictates that plaintiff Sharman Hay be barred forever from reasserting her claim to equitable joint owner-ship of the realty known as Hay Hill or to monetary damages for improve-ments made by her to such realty. Patently, a dismissal of the fifth cause of action in the matrimonial action *with prejudice* would have had absolutely no effect upon plaintiff Sharman Hay's right to continue prosecution of a claim for replevin of personalty from defendant. If the court and the parties in the matrimonial action contemplated that the instant action would be restricted solely to one cause in replevin, there was no purpose to be served by reciting that dismissal of plaintiff Sharman Hay's claim to equitable joint ownership of defendant's realty was without prejudice to continuing a replevin action because the fifth cause of action in the matrimonial action had nothing to do with the replevin action. Moreover, since a complaint had not yet been served in the instant action, but only a summons had been served, and since the defendant had appeared, plaintiff Sharman Hay was at liberty to plead any cause of action she had against defendant in her complaint herein. Regarding service of a summons with notice, "the law has long been established in this State that such a notice is effectual only in case of default, that its object is to enable judgment by default to be entered by the clerk without application to the court (Civ. Prac. Act, §§ 486-487 [now CPLR 3215, subd (e)], and that 'if the defendant appears the notice at once is rendered of no importance. No judgment can be taken against the defendant then until a complaint has been served upon him, and his liability and the rights of the plaintiff are measured entirely by the allega-tions of the complaint.' * * * Except in case of default, the notice is not equivalent to 'a short * * * complaint' (cf. *Seeley v. Greene,* 139 Misc. 90, 92), and loses its vitality when the defendant fails to default by appearing in the action" *(Everitt v Everitt,* 4 NY2d 13, 16). In law, it was with this knowledge that the fifth cause of action in the matrimonial action was dismissed "without prejudice." Defendant's assertion that the agreement between the parties was for an absolute dismissal of the fifth matrimonial cause of action with prejudice ignores the fact that the matrimonial court denied defendant's motion to resettle the judgment; that the agreement merged in the matrimonial judgment, and that the judgment does not so provide. Further, such assertion is not consonant with common sense. In conclusion, it is noted that the majority in reversing have determined, on the law, to deny the motion by defendant Andrew M. Hay for an order pursuant to CPLR 3211 (subd [a], pars 1, 5) dismissing the first, second and fifth causes of action on the ground of *res judicata.* It is defendant's contention that these three causes of action are restatements of a prior cause of action asserted by Sharman Hay in the matrimonial action, which cause was, in effect, absolutely and finally dismissed. Although the majority here have denied the defendant's motion, they base their denial upon "an issue of fact as to the meaning and intent of the parties in the stipulated dismissal", that is, they conclude that it cannot be determined on the record (the motion papers and papers in response thereto) whether the motion should be granted. The issue of whether the objected to three causes of

action are barred as defendant claims is clearly a preliminary matter (see CPLR 3211, subds [a], [e], and the Practice Commentaries by Professor Siegel in McKinney's relevant thereto). Accordingly, an immediate hearing of such issue would appear to be warranted (CPLR 3211, subd [c]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:47, C3211: 50, pp 50, 54). Further, as the motion to dismiss is not continued to permit further affidavits to be obtained or disclosure to be had, it appears that defendant would be allowed to assert the objection of *res judicata* in his responsive pleading. In any event, my view is that on this record no factual issue warranting denial of the motion was sufficiently raised, but that as a matter of law, the motion must be denied.