### GENERAL FIRE–PROOF DOOR CORP., Plaintiff,

v.

### CITIBANK, N. A. and Calmar Construction Incorporated, Defendants.

### CITIBANK, N. A., Defendant and Interpleading Plaintiff,

v.

### The UNITED STATES of America, et al., Interpleaded Defendants.

### No. 80 Civ. 4357 (MEL).

United States District Court, S. D. New York.

Aug. 10, 1982.

Seymour Baldash, New York City, for plaintiff.

Shearman & Sterling, New York City, for defendant and interpleader plaintiff, Citibank, N.A.; Thomas M. Geisler, Jr., Leslie J. Davis, New York City, of counsel.

John S. Martin, Jr., U. S. Atty., S.D.N.Y., New York City, District of New York for the U. S.; Susan Millington Campbell, Asst. U. S. Atty., New York City, of counsel.

Robert Abrams, Atty. Gen. of the State of N. Y., New York City, for interpleader defendant, New York State Tax Com'n; Myron Paul Schamis, Asst. Atty. Gen., New York City, of counsel.

LASKER, District Judge.

General Fire-Proof Door Corp. (G.F.) moves for summary judgment against Citibank, N.A. (Citibank) for $10,282.68 for work performed as a subcontractor under Calmar Construction Inc. (Calmar) while working on Citicorp Center.

Calmar discontinued active business operations in April 1979. At the time Citibank owed Calmar $63,953.27 for work done. Citibank still holds this amount. G.F. filed a mechanic's lien against the property and instituted this action to foreclose its lien against Citibank which has been brought to this court upon impleader of the United States which asserts a tax claim.

Under N.Y. Lien Law Article 2 § 13(1) (McKinney) a valid mechanic's lien has priority over liens filed later as well as priority over tax claims filed pursuant to N.Y. Lien Law Article 3–A § 77(8) (McKinney). A mechanic's lien lapses unless an action is commenced to foreclose the lien *and* a notice of pendency of the lien is filed in the county clerk's office within one year. See, N.Y. Lien Law Article 2 § 17 (McKinney). G.F. failed to file any such notice.

■ G.F. maintains, however, that by filing a complaint which contains all the requisite information, it substantially complied with the provisions of Article 2 and that, accordingly, even though it failed to file a lis pendens it is entitled to its portion of the fund held by Citibank. Although § 23 of Article 2 of the Lien Law authorizes substantial (as opposed to literal) compliance, the mere filing of a complaint does not constitute such compliance or act as a substitute for the filing of a notice of pendency. *Meszaros v. Indiveri*, 36 Misc.2d 632, 232 N.Y.S.2d 926 (Sup.Ct. Nassau Co. 1962). In *Meszaros*, the subcontractor failed to file a notice of pendency and argued that the filing of the complaint was sufficient to meet the requirements of the Lien Law. The Court disagreed. While this decision, the only decided New York case addressing this issue, is not an appellate decision, nevertheless, its rationale is altogether consistent with the body of New York law on the subject. Our own independent analysis comes to the same conclusion: that the notice of pendency or similar formal notice requirement is not served by the filing of a complaint, even if the complaint may contain the information required to be included in the notice of pendency. Where such documents as a lis pendens are required to be filed for the purpose of notifying the world as to the condition of the title of a given property (for example, deeds to real estate, mortgages or liens against property) there can be no variation from the specified rules because the established system depends, for its effectiveness, on the public assumption—and the public's right to assume—that the pertinent knowledge can be secured in a particular place in a particular form. A complaint does not perform this function. It is filed in court, and not in the "normal" place for a deed or a lis pendens. When a potential purchaser does a title search, he may be totally unaware of any pending claims and there is no likelihood that a searcher would come upon the assertion of a lien if only a complaint is filed. Not only is a complaint filed in a different place from a notice of pendency but it is filed under the name of the party plaintiff or defendant, not by physical location of the property to which it refers or by designation of the property.

■ It follows that G.F.'s filing of a complaint was insufficient to meet the requirements of New York's Lien Law and that its mechanic's lien therefore lapsed by terms of the statute. Accordingly, G.F. has no right of priority over other claimants. Its motion for summary judgment in its favor is therefore denied.

## II.

■ Citibank has moved this court under § 55 of the N.Y. Lien Law to

"grant Citibank relief by entering judgment: 1) authorizing it to pay into court the $63,953.27, less costs and disbursements, 2) upon such payment, discharging and acquitting Citibank from all liabilities and obligations to plaintiff/defendant Calmar, and each of the interpleaded defendants, and 3) upon payment, discharge of all mechanic's liens against Citicorp Center."

Under § 55 of the Lien Law there is no reason to deny Citibank's request and upon payment of the funds into court all liability as to it, and liens as to Citicorp Center, will be discharged.

## III.

■ The United States moves for summary judgment in its favor for taxes owing for work performed in connection with Citicorp Center. The Government as an interpleaded defendant claims priority to the fund in question. Article 3–A of the N.Y. Lien Law § 77(8) lists the order of claimant preference, with claims for taxes due coming first. The fund in question constitutes the proper subject matter of an Article 3–A trust, See N.Y. Lien Law Article 3–A § 70 (McKinney), and Citibank, acting in compliance with Article 3–A § 77(2), as trustee commenced this suit as a final settlement of its accounts and discharge. The government's claim for taxes due is not in dispute and it has declared its willingness to share the fund on a pro-rata basis with New York

State as to any state taxes owing in connection with work done on Citicorp Center.

Accordingly, the government's motion for summary judgment against G.F. and all other claimants except the State of New York is granted. The State is instructed to submit the necessary documentation to supports its claim within thirty days.

## IV.

In sum, G.F.'s motion for summary judgment is denied. Citibank's motion is granted and the United States' motion for summary judgment is granted against all parties except the State. The fund is to be disbursed on a pro-rata basis between the United States and New York State upon a showing by the State of the amount of taxes to which it is entitled.[1]

It is so ordered.

---

**1.** As the government states in its sur-reply memorandum:

"Federal tax liens attach to the monies except to the extent, (if any) that the monies are held in trust for Article 3a beneficiaries. *See Aquilino v. United States*, 10 N.Y.2d 271, 176 N.E.2d 826 (1961)."

Accordingly, it is unnecessary to rule on the government's "first in time, first in right" argument because a valid 3a trust exists.