(5 App. Div. 258.)

HAFKER et al. v. HENRY et al.

(Supreme Court, Appellate Division, First Department. May 15, 1896.)

MECHANICS' LIENS—ENFORCEMENT AGAINST FUND IN COURT.

Laws 1885, c. 342 (Mechanic's Lien Law) § 24, subd. 4, which provides that when one year has elapsed from the time of the filing of the notice of lien, and no action has been commenced to enforce the lien or order of court made continuing it, the lien shall be discharged, applies only to the lien on the property, and not to the lien on money paid into court for the purpose of releasing the property.

Appeal from special term, New York county.

Proceeding by Herman Hafker and Christopher Hollwedel, composing the firm of Hafker & Hollwedel, against Mary Ellen Carroll, Madeline Carroll, Margaret Rebecca Carroll-Clouston, owners, and George W. Henry, contractor, and against the premises known as "229 Mott Street" in the city of New York, to enforce a mechanic's lien. From an order denying a motion to compel the repayment to the chamberlain of the city of New York money which had been deposited with the county clerk to discharge the lien, claimants appeal. Reversed.

Argued before BARRETT, RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

F. T. Trautmann, for appellants.
William Porter Allen, for respondents.

RUMSEY, J. It appears from the papers in this case that on the 11th day of June, 1894, the appellants, Hafker & Hollwedel, filed a mechanic's lien upon the premises known as "No. 229 Mott Street," which were owned by Mary Ellen Carroll and others, to secure themselves for materials furnished to George W. Henry, who was doing work upon said premises as a contractor. The amount of the lien claimed was $350. On the 18th of October, 1894, the Carrolls and Henry deposited with the county clerk the sum of $360 to procure a discharge of the lien, and an entry was thereupon made in the docket opposite the entry of lien that it was discharged by payment, October 18, 1894. On the 11th of June 1895, an application was made to the common pleas to continue the lien, which was ordered, and the county clerk directed a new docket of the lien so continued. That was done in the usual form. On the 17th of October, 1895, the respondent Henry, by Allen, his attorney, made ex parte an application to the court of common pleas that the amount of money on deposit to secure this lien should be repaid to him. The affidavit stated that the lien had been canceled and discharged by the payment of the money on the 12th of October, 1894; that no action had been brought to foreclose the lien, and that the time to foreclose the lien had expired. Upon this affidavit the court of common pleas, without requiring notice to be given to the lienors, entered an order ex parte directing the chamberlain to pay over to the Carrolls and Henry the money which had been deposited with the county clerk, with interest, which was accordingly done. A check of the chamberlain was made to the order of the Carrolls and Henry. Henry received it, and indorsed it, and delivered it to the Carrolls, who procured the money upon it. Afterwards, and on the 29th of January, 1896, the lienors made an application to the special term, upon notice, that the order directing the money to be paid over by the chamberlain should be vacated and set aside, and that the persons receiving the money should be required to pay it back. The affidavits and order to show cause upon the motion, although addressed to the Carrolls as well as to Henry and Allen, were only served upon Henry, and Allen admitted service individually, and not as attorney for anybody. Upon the hearing of the motion it was denied, and from the order denying it this appeal is taken.

The order directing the payment of this money by the chamberlain to the depositors was made without notice having been given to the lienors, and without any opportunity on their part to claim or establish their rights. This of itself was an irregularity for which the order should have been set aside, if it had been insisted upon. It is stated that it has been the practice to grant these orders without notice to anybody. If that be so, it certainly is a practice which should continue no longer. The money deposited stands in the place of the lien, and belongs to the lienors so far as is necessary to pay the amount of their claim against the premises. It is not proper that that money should be paid out by the chamberlain, and the lienors

thus deprived of their right to apply it in payment of their debt, until they shall have been heard. If the motion had been made to set aside the order for that irregularity, we should not hesitate to grant it; but, as that question has not been raised, we must examine further, and see whether or not the order directing the repayment of this money was a proper one to be made upon the facts as they are shown to exist. It appears that the lien was filed on the 11th of June, 1894, and that this money was deposited to cancel the lien on the 17th of October of the same year. That was done in pursuance of section 24 of the lien law (Laws 1885, c. 342). When that had been done, the lien upon the real estate was discharged by virtue of the statute, and it is shifted to the fund which remains in the office of the chamberlain liable for the payment of the amount which the lienor should establish to be due to him. Ward v. Kilpatrick, 85 N. Y. 413. From that time on the lienor has no interest in the real estate, and the charge which before then had existed upon the land ceases to exist. The ground upon which this order was made was that there was no provision for the continuance of the lien upon the fund, or for the continuance of the lien upon the real estate, which had been discharged by the deposit. It is quite true that there was no provision for the continuance of the lien upon the real estate, because, as we have seen, the express provision of the statute is that the payment of the money into court is a discharge of the lien upon the real estate. But there is no provision of the statute that the lien upon the fund shall be discharged by lapse of time. The provision with regard to the continuance of the lien is that no lien shall bind the property therein described for more than one year, unless an action is commenced to enforce it, or an order made continuing the lien. Laws 1885, c. 342, § 6. But for this provision of the statute, the lien, when once filed, would continue a charge upon the real estate indefinitely, and the statutory provision only is effectual to put an end to the lien so far as it is prescribed in the section, and that is to put an end to the lien so far as it binds the property. Section 6 does not apply to the money deposited with the county clerk. That stands impressed in his hands with the charge in favor of the lienor for whatever amount he shall be able to establish against it. It takes the place of the charge upon the property. People v. Butler, 61 How. Prac. 274. There is no provision of the statute requiring either that the action to establish the charge upon this money should be brought in one year, or that that charge should be continued. Subdivision 4 of section 24 of the lien law, which provides that when one year has elapsed from the time of the filing of the notice of lien, and no action has been commenced to enforce such claim or order of the court made continuing the lien, the lien shall be discharged, does not apply to the lien upon the fund, but only to the lien upon the land which is created by filing the original notice. Subdivision 5 of the statute permits any owner of property, or person affected by the notice of lien, to require an action to be brought within a certain time; and, if no such action is brought, it provides that the court may direct the claim or lien to be vacated. There is no provision in the statute directing when the action to en-

force this claim upon the money must be brought, but we think that the rights of the depositors are amply protected by the provision of the statute just cited, and that until they have given the notice provided for in this section, and obtained an order vacating the claim, or until an action has been brought by the lienor, and his claim upon the fund established, the money must remain in court to await the determination of his rights. In this case the proceeding to procure a restoration of this money was properly taken by motion, and the proper motion was one which was made here to vacate the order of October 17th, and to require the persons who received the money to pay it back again. All those persons should have been, as they were, made parties to the proceeding, and the motion papers should have been served upon them. As they were not served upon the Carrolls, no relief can be had in this proceeding against them; but that is not very material. The papers were served upon Henry, who seems to have been the party to whom the check was originally paid. It does not appear what the relative rights of Henry and the Carrolls were to this money. It does appear, however, that the check was made payable to all of them, and that Henry received it, and indorsed it over to the Carrolls. That being so, he is liable to pay back the money, because the Carrolls could not have received it but for his action. The lienor is entitled to look to him by whose action and interference the money was taken from its proper place of deposit, for its restoration. If Henry has any rights which it is necessary for him to establish against the Carrolls, he will be at liberty to assert them in such way as he shall be advised, but the fact that he may have such rights affords no reason why the lienors should not be permitted to look to him for the money which he improperly took away from them.

The order denying the motion to compel a repayment of the money should be reversed, with $10 costs and disbursements, and the motion granted that Henry pay back to the chamberlain the money so paid to him, with interest, within 10 days after the service of a copy of this order, and that the appellants shall have $10 costs of this motion. All concur.