PERINI v. SCHMYG.

(Supreme Court, Appellate Term. October 5, 1898.)

MECHANICS' LIENS—ENFORCEMENT AGAINST FUND IN COURT.

Laws 1885, c. 342, § 24, subd. 4, providing that when one year has elapsed from the time of the filing of a notice of mechanic's lien, without an action having been commenced to enforce the lien or order of court made continuing it, the lien shall be discharged, applies only to the lien on the property, and not to a lien on money paid into court to release the property.

Appeal from Ninth district court.

Action by Massimus Perini against Francis J. Schmyg. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

A. J. Wise, for appellant.
Wahle & Stone, for respondent.

PER CURIAM. The owner having discharged the lien by deposit with the county clerk, no order for its continuance was necessary in order to support a foreclosure action instituted after the expiration of a year from the date of filing the lien. Hafker v. Henry, 5 App. Div. 258, 39 N. Y. Supp. 134. The judgment also was not so erroneous in form as to call for a reversal. Egan v. Laemmle, 5 Misc. Rep. 224, 25 N. Y. Supp. 330.

Judgment affirmed, with costs.