## URIS v. BRACKETT REALTY CO.

(Supreme Court, Appellate Division, First Department. June 15, 1906.)

MECHANICS' LIENS—DISCHARGE—EXECUTION OF UNDERTAKING—NOTICE TO PROSECUTE.

Lien Law, Laws 1897, p. 523, c. 418, § 18, subd. 2, provides that a mechanic's lien shall be discharged if an action to foreclose it is not begun or an order continuing it not obtained within one year from the filing of the notice, and subdivision 4 declares that the lien shall be discharged by the execution of an undertaking by the owner, conditioned for the payment of any judgment which may be rendered against the property for the enforcement of the lien. Code Civ. Proc. § 3417, provides that a notice may be given to the lienor to commence an action to enforce the lien within a specified time, not less than 30 days from the time of service, or show cause why the notice of the lien should not be vacated, etc. *Held* that, after a lien has beeen discharged by the execution of an undertaking, pursuant to Lien Law, § 18, subd. 4, the lienor is entitled to a .year within which to bring action to recover judgment against the property, and during the year the lien cannot be again discharged and the liability on the undertaking terminated by means of the notice to prosecute prescribed by Code Civ. Proc. § 3417.

Appeal from Special Term, New York County.

Harris H. Uris filed a mechanic's lien against premises owned by the Brackett Realty Company, and from an order canceling the notice of lien for failure to prosecute, pursuant to a notice given under Code Civ. Proc. § 3417, the lienor appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Morris Hillquit, for appellant.
Matthews P. Doyle, for respondent.

LAUGHLIN, J. On the 20th day of November, 1905, the appellant filed with the clerk of the county of New York a mechanic's lien against premises owned by the Brackett Realty Company for work done and materials furnished. Four days later the lien was canceled by an order made on the application of the Brackett Realty Company showing that it had executed an undertaking with a surety, pursuant to the provisions of subdivision 4 of section 18 of the lien law (chapter 418, p. 523, Laws 1897), conditioned, as prescribed by law, for the payment of any judgment that may be rendered against the property for the enforcement of the lien. Thereafter, and on the 9th day of December, 1905, the Brackett Realty Company served upon the lienor a notice purporting to be under section 3417 of the Code of Civil Procedure, requiring him to begin an action to foreclose the lien within 30 days thereafter, or to show cause on the 16th day of January, 1906, why the lien should not be discharged and canceled. On the return of the order to show cause, it appeared that an action to foreclose the lien had been commenced, but not within the period required by the notice, and the motion was granted.

This was not a public improvement, and therefore the discharge of the lien is regulated by the provisions of sections 18 and 19 of the lien law, and section 23 thereof, which makes the provisions of section 3417 of the Code of Civil Procedure applicable thereto. Section 19 provides .

for the discharge by a deposit of the amount claimed, and therefore it is not in point.   Section 18 contains four subdivisions with respect to the discharge of such liens. Subdivision 1 of section 18 provides for a discharge by a certificate of the lienor showing that the lien has been satisfied.   Subdivision 2 provides that the lien shall be discharged if an action to foreclose it be not begun, or an order continuing it be not obtained, within one year from the date of filing the notice.   Subdivision 3 provides for cancellation of the lien by order of the court, pursuant to the Code of Civil Procedure, for neglect to prosecute.   Subdivision 4 provides that the lien shall be discharged either before or after the commencement of an action to foreclose it, by the execution of an undertaking by the owner "conditioned for the payment of any judgment which may be rendered against the property for the enforcement of the lien," and that "upon the approval of the undertaking by the court, judge, or justice, an order shall be made discharging such lien."

Section 3417 of the Code of Civil Procedure provides as follows:

"A mechanic's lien on real property may be vacated and canceled by an order of a court of record.   Before such order shall be granted a notice shall be served upon the lienor, either personally or by leaving it at his last known place of residence, with a person of suitable age, with directions to deliver it to the lienor.   Such notice shall require the lienor to commence an action to enforce the lien, within a time specified in the notice, not less than thirty days from the time of service, or show cause at a special term of a court of record, or at a county court, in a county in which the property is situated, at a time and place specified therein, why the notice of lien filed should not be vacated and cancelled of record.   Proof of such service and that the lienor has not commenced the action to foreclose such lien, as directed in the notice, shall be made by affidavit, at the time of applying for such order."

The question presented by the appeal is whether, where the lien has first been discharged by the giving of an undertaking, pursuant to the provisions of subdivision 4 of section 18 of the lien law, it may again be discharged and the liability on the undertaking terminated, pursuant to a notice to prosecute, as provided in section 3417 of the Code of Civil Procedure and the subsequent proceedings therein prescribed.   We are of opinion that once the premises are released from the lien and it is discharged, and the undertaking substituted therefor, the lienor has one year within which to bring his action to recover a judgment "against the property" on the claim contained in the notice of lien.   The judgment in such case operates against the owner and his surety on the undertaking, and does not become a lien upon the improved premises, except as to any title still remaining in the owner, against whom the lien was filed the same as the lien of any judgment.   The provisions of section 3417 of the Code of Civil Procedure were designed to afford relief against existing and discharged liens, and they were not designed to save the purpose of a short statute of limitations, except in so far as that was deemed necessary to bring about a speedy decision concerning the validity of a lien, which, while it remained a lien upon real property, might embarrass or prejudice the owner.

It follows that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs.   All concur.