(121 App. Div. 625.)

In re THIRTY–FIFTH ST. & FIFTH AVE. REALTY CO.

(Supreme Court, Appellate Division, First Department. October 25, 1907.)

1. MECHANICS' LIENS—DISCHARGE—DELAY IN ASSERTING LIEN.

A mechanic's lien becomes discharged for all purposes under the express provisions of Laws 1897, pp. 522, 523, c. 418, §§ 16, 18, subd. 2, where the lienee deposits the amount claimed with the county clerk, and thereby discharges the lien against the property, as expressly allowed by Laws 1897, p. 523, c. 418, § 19, and the lienor does not obtain an order within a year after the lien was filed continuing the lien, or does not commence a foreclosure suit within that time.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens, § 418.]

2. SAME—NATURE—CONSTRUCTION OF LIEN LAW.

Laws 1897, p. 523, c. 418, § 19, provides that a mechanic's lien may be discharged upon the deposit of the sum claimed with the county clerk, and that the deposit shall be repaid to the party making it upon the discharge of the lien against the property pursuant to law. Held, that the lien is discharged merely as against the property by the deposit of money, and the deposit will be returned only when the lien is discharged for all purposes by the provisions of Laws 1897, p. 523, c. 418, § 18, providing for the discharge of the lien.

Appeal from Special Term, New York County.

Mechanic's lien proceedings by John Simmons Company against the Thirty-Fifth Street & Fifth Avenue Realty Company. From an order of the New York Special Term directing the chamberlain to pay the lienee moneys deposited with the county clerk upon a discharge of the lien and subsequently transferred to the chamberlain, the lienor appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Paul M. Crandell, for appellant.

Benjamin G. Paskus (Arthur W. Weil, on the brief), for respondent.

LAUGHLIN, J. On the 8th day of February, 1906, the appellant filed a mechanic's lien against the premises known as 523 Fifth avenue in the city of New York, owned by the respondent. On the 1st day of June thereafter, the respondent deposited the amount claimed by the lienor with the clerk of the county of New York, pursuant to the provisions of section 19 of the lien law (page 523, c. 418, Laws 1897), and thereby the lien against the property was discharged by operation

of law. The lienor neither commenced an action for the foreclosure of the lien within one year after it was filed, nor obtained an order within that period continuing the lien, and, therefore, at the expiration of one year from the date of filing the lien, it would have ceased to be a lien upon the property by virtue of the provisions of section 16 of the lien law, even if it had not been discharged as a lien against the property by a deposit of the money with the county clerk, and by virtue of the provisions of subdivision 2 of section 18 of the lien law the lien became discharged for all purposes.

It is contended by the learned counsel for the appellant that the provisions of the lien law to which reference has been made are but re-enactments of the former lien law (chapter 342, p. 585, Laws 1885, as amended), and that the case of Hafker v. Henry, 5 App. Div. 258, 39 N. Y. Supp. 134, is authority for the proposition that, although the lien ceased to be a lien against the property, and as a statutory lien was discharged by the failure to commence an action for the foreclosure thereof or to obtain an order extending the same within one year, still, when the lien was discharged as against the property by depositing the money, it was transferred to the fund, and that it could only be discharged as against the fund by an order of the court made upon notice pursuant to the provisions of section 3417 of the Code of Civil Procedure, requiring the lienor to commence an action to foreclose his lien within a time specified in the notice, not less than 30 days from the date of serving the same, which concededly has not been done in this case. There has been a material change in the statute since that decision was made, which renders it no longer applicable. At that time, the only express provisions of statutory law with respect to the repayment of the money deposited to discharge a lien were subdivision 3 of section 24, c. 342, p. 591, of the Laws of 1885, and subdivision 7 of said section added by chapter 300, p. 585, of the Laws of 1893. Subdivision 3 merely provided for the repayment of the money "upon the lien or liens being discharged by the claimants who have filed a notice or notices of a lien or liens." And subdivision 7, so far as material to the present inquiry, merely provided that, where the order for the surrender or payment of the money was not made in an action to foreclose the lien, the proceedings for obtaining the money should be in conformity to the provisions of section 751 of the Code of Civil Procedure, which regulate the form of procedure when the right exists to obtain money paid into court. Section 19 of the present law, supra, under which the money was deposited, provides, among other things, as follows:

"A deposit made as prescribed in this section shall be repaid to the party making the deposit, or his successor, upon the discharge of the lien against the property pursuant to law."

And the section further authorizes a court of record to make an order for the return of the money. Section 19, it is true, provides that the lien shall be discharged upon the deposit of the money, but manifestly the Legislature meant merely to discharge the lien as against the property by the deposit of the money, for otherwise the depositor would be entitled to immediate repayment. It is evident that the legislative intent in providing that the money should be repaid to the party making

the deposit, or to his successor, "upon the discharge of the lien against the property pursuant to law," was that the money should be repaid as soon as the lien should become discharged by virtue of any of the provisions of section 18 of the lien law, which provides for the discharge of the lien.

It may be that the depositor of the money on good cause shown would have the right to require the lienor to commence an action or to obtain an order discharging the lien, pursuant to the provisions of section 3417 of the Code of Civil Procedure, before the expiration of the year, and that the rule applicable to a case where the lien has been discharged, by filing an undertaking pursuant to the provisions of subdivision 3 of section 18 of the lien law, announced in Matter of Uris v. Brackett Realty Co., 114 App. Div. 29, 99 N. Y. Supp. 642, should not govern where the lien has been discharged pursuant to the provisions of section 19 of the lien law, by depositing money which it may be a hardship to the depositor to leave on deposit throughout the year; but that question is not now presented for decision. In the present case, the year has expired without the lienor having commenced an action or obtained an order extending the lien, and it is quite clear that the lien has become discharged by operation of law, pursuant to the express terms of subdivision 2 of section 18 of the lien law.

In Maneely v. City of New York, 105 N. Y. Supp. 976, 119 App. Div. 376, the attention of the court was not drawn to the change in the statutory law herein pointed out, and the writer of this opinion, in writing for the court in that case, fell into error in deeming Hafker v. Henry, supra, applicable under the present law, and observing, upon the authority of that decision, that lienors whose liens have been discharged by filing undertakings should be made parties to a foreclosure, even though they have failed to commence an action to foreclose their liens within the time limited by statute, as extended by the court—a point, however, which was not essential to the decision of that case.

It follows that the order should be affirmed, with $10 costs and disbursements. All concur.