## In re WEEKS.

### WHALE CREEK IRON WORKS v. NEW YORK & Q. ELECTRIC LIGHT & POWER CO. et al.

(Supreme Court, Special Term, Queens County. July 6, 1911.)

1. MECHANICS' LIENS (§ 250*)—ENFORCEMENT—TIME TO SUE—LACHES—NOTICE BY CONTRACTOR.

Under the Lien Law (Consol. Laws 1909, c. 33) § 59, which provides that upon notice to the lienor requiring the commencement of an action to enforce his lien within a time specified by the notice, not less than 30 days, or cause shown why the notice of lien filed should not be vacated and canceled of record, such notice may be served by the contractor who employed the lienor.

[Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 250.*]

2. MECHANICS' LIENS (§ 250*)—ENFORCEMENT—LACHES IN BRINGING ACTION.

Under the Lien Law (Consol. Laws 1909, c. 33) § 59, providing that, where a lienor has not enforced his lien, notice may be given to sue to enforce it within a specified time or show cause against discharge of the lien, the lien should ordinarily be discharged unless some cause be shown to the contrary, and where the lienor has sued the contractor at law in another court on the claim which is the basis of the lien, and the contractor's opposition to advancing that case for trial is justified by the court's decision that the case should not be advanced, the contractor's motion for a discharge of the lien should be granted, since the lienor should not be permitted to hold onto his lien until the claim can be fought out at law in another court.

[Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 250.*]

In the matter of the mechanic's lien claimed by the Whale Creek Iron Works against the New York & Queens Electric Light & Power Company, as owner, and Harry T. Weeks, as contractor. On motion by the defendant Weeks to discharge the lien for failure to bring action for its enforcement after notice. Motion granted.

Kellogg & Tappen, for the motion.

Joab H. Banton, opposed.

BLACKMAR, J. This is a motion to discharge a mechanic's lien on failure to begin action to enforce the same within 30 days after notice given pursuant to section 59 of the lien law. The motion is made by the contractor, and not the owner.

[1] The law authorizing this practice was originally contained in chapter 342 of the Laws of 1885. By the terms of that act, the right to serve the notice and move to discharge was conferred on the owner or the person against whom the lien was filed. Whether by the terms of that act the notice could be served by the contractor who employed the lienor, or whether the right was limited to the owner, is, in view

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the change in the law, immaterial. This provision of law was carried into the Code in 1897 and became section 3417, and from there it was transferred to and has become section 59 of the lien law. By the terms of the law, as it now reads, the right to serve the notice is not expressly limited to the owner. I believe that the notice may now be served by any person whose interests are affected by the lien. The lien practically garnishes the amount due the contractor. Frequently the lien is more burdensome on the contractor than on the owner. It does not trouble the owner unless he wants to sell the property, whereas it may seriously embarrass the contractor not to be able to collect the amount due him until the lien is discharged. I think, therefore, that the contractor may make the notice.

[2] Section 59 of the lien law empowers the court in its discretion to discharge the lien for failure to prosecute. Whether it should do so or not depends upon the circumstances of each case. Ordinarily the lien should be discharged unless some cause be shown to the contrary. The cause shown in this case is that the lienor has brought an action at law in the City Court of New York against the contractor upon the claim for which the lien is filed, and that the contractor opposed advancing that case on the calendar for·trial. As the City Court decided that the case should not be advanced, the opposition of the contractor to that motion was justified.

The final question is whether a lienor should be permitted to hold onto his lien until the question of the claim on which the lien is based can be fought out in another action in another court. The lienor deliberately chose an action at law in the City Court of New York in preference to a suit in equity in the Supreme Court. He now advances that fact as a reason why he should be permitted to continue the lien. As I look at it, this choice to proceed at law is a reason why the motion should be granted, not denied. If the lienor prefers the jurisdiction of the City Court with a jury as a tribunal to that of the Supreme Court, sitting in equity, his choice should be made final by discharging the lien. The lien, which is the only basis of a suit in equity, should not be held to await the trial of the action at law. Even after the action at law is decided, it will need another suit in equity to dispose of the lien.

I shall grant the motion, and thus prevent unnecessary litigation.