In the Matter of the Application of STANDARD TILE COMPANY, INC., Respondent, for Withdrawal of Moneys Deposited with the Clerk of the County of Nassau, for the Satisfaction of a Notice of Mechanic's Lien Duly Filed in the Office of the County Clerk of Nassau County on January 13, 1937, by STANDARD TILE COMPANY, INC., as Lienor, against HARRY O'MARA, Doing Business as CAPITAL TILE COMPANY; and SPIRO PARK REALTY CORP., and GARDEN CITY REALTY CORP., as Contractors; and GARDEN CITY REALTY CORP., as Owner; against Premises in the Village of Garden City, Town of Hempstead, County of Nassau, Being Lots 60 to 71 Both Inclusive, on Map of Garden City Lawns, Section No. 3-C, Block 10, Situated at Garden City and Shown on Map No. 1044 Filed in Nassau County, Plot Being on the North Side of Garden Street, 65 Feet from Tremont Street, Being 240 Feet Wide Front and Rear by 125.4 Feet Deep on Each Side. MALBA PARK, INC., Appellant.— Order denying motion for the vacatur of an order directing the payment to the Standard Tile Company, Inc., of moneys deposited to discharge a mechanic's lien and requiring restitution thereof to Malba Park, Inc., which deposited the money, reversed on the law, with ten dollars costs and disbursements, and the motion granted, without costs. The order directing the payment of the moneys deposited to the lienor was made without warrant of law. The provision in section 20 of the Lien Law authorizing the payment of such moneys to a lienor contemplates the making of such payment after the lienor has established the validity of its lien. Here the lienor did not establish that fact and the order it obtained was without warrant in law. When the depositor of the money moved for the vacatur the lien had lapsed because it had not been extended by order and no action to enforce it had been begun within one year after the notice of lien was filed. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.