■ HARLEM PLUMBING SUPPLY CO., INC., Appellant, v. BURTON HANDELS-MAN et al., Respondents. LE CLUB, INC., et al., Defendants.— Order, Supreme Court, New York County, entered March 2, 1972, which granted the motion to dismiss the complaint as to the defendants-respondents, unanimously modified, on the law, the motion denied with respect to the present owner of the premises, defendant-respondent 48th Street Associates, and otherwise affirmed, without costs and without disbursements.    Plaintiff filed a mechanic's lien upon real property currently owned by 48th Street Associates to secure itself for materials furnished to a subcontractor in connection with a pending alteration to the premises of a tenant of said property.    Prior to the commencement of the instant action to foreclose said lien, the tenant made a deposit, pursuant to section 20 of the Lien Law, and obtained a discharge of the lien.    This fore-closure action was then instituted naming as defendants, among others, the current and prior owners of the property.    The effect of the deposit was to discharge the lien upon the real estate and shift it to the fund.    (Hafker v. Henry, 5 App. Div. 258; Valett v. Baker, 129 App. Div. 514.)    The nature and character of the pending action has not changed; the deposit was merely sub-stituted as security for the lien which must still be judicially established.    (Matter of Standard Tile Co., 256 App. Div. 1096, mod. 257 App. Div. 834; Matter of Cooper v. Emmanuele, 25 A D 2d 809).    Plaintiff had alternative means to enforce its rights, including an action at law.    (See, generally, 37 N. Y. Jur., Mechanic's Liens, § 161; 16 Carmody-Wait 2d, N. Y. Prac., § 97:365.)    However, since it elected to bring this equitable action to enforce its lien, as it had a right to do, defendant 48th Street Associates is a necessary party defendant (Lien Law, § 44, subd. 3; Spitz v. Brooks & Son, 210 App. Div. 438).    The fact that this lien was discharged by a deposit (Lien Law, § 20) rather than by an undertaking (Lien Law, § 19, subd. [4]) is of no conse-quence.    Where, as here, the lienor has elected to proceed in equity to enforce its lien, both sections envision the establishment of the validity of such lien before further rights accrue.    Under such circumstances, the owner of the property is a necessary party defendant, although the prior owners are not. Concur — Stevens, P. J., Kupferman, Murphy, McNally and Tilzer, JJ.