OPINION OF THE COURT
Irving Lang, J.
A notice of lien requires the commencement of an action to foreclose on the lien within one year of its filing regardless of whether the nature of the lien has been changed within that period.
THE CLAIM
Petitioner herein moves for an order directing the Commissioner of the Department of Finance of the City of New York to distribute to petitioner the sum of $600 plus interest, which had previously been deposited by respondent, in discharge of a lien which petitioner held on respondent’s real property.
Respondent opposes this motion on the ground that petitioner failed to timely foreclose on the lien. Respondent also contends that, as a matter of law, it is entitled to repayment of the deposit.
FACTS
On January 7, 1981 and on April 12, 1982, petitioner Frank Salz and Sons, Inc., performed electrical work at 1370 Avenue of the Americas. The premises are owned by *791 respondent St. Andrews Associates. Respondent Lehr Construction Corp. acted as a general contractor. On April 22, 1982, petitioner filed a mechanic’s lien in the sum of $600 against the premises, in the office of the County Clerk, New York County. On March 22, 1983, respondent Lehr Construction Corp. deposited $650 with the County Clerk, in order to discharge the lien against the real property pursuant to statute (Lien Law, § 20). The County Clerk’s office turned that money over to the Department of Finance of the City of New York. The Commissioner of the Department of Finance issued a certificate of deposit, indicating that the money was on deposit in that Department.
On July 20, 1983, petitioner submitted a proposed ex parte order to Special Term, Part II, in order to obtain release of the funds. Petitioner was informed by the Clerk that it was necessary to secure written consent from the party that had deposited the funds. That party, respondent Lehr Construction Corp., refused to furnish written consent, alleging that the electrical work had not been completed.
Petitioner now moves for an order directing the Commissioner of the Department of Finance to release the money. It claims that the motion could not have been made any sooner, as it was allegedly necessary to first obtain a certificate of electrical inspection from the Department of General Services of the City of New York.
Respondent, in opposition, claims that the instant motion is untimely and that, consequently, petitioner has lost his right to claim the fund. Respondent further argues that, due to such lateness, it is entitled to refund of the deposit. In addition, respondent asserts that no money is owed to petitioner. Respondent claims that the lien in question was for an alleged outstanding balance for “extras”, which was included in the original contract price.
THE LIEN LAW
Resolution of the dispute requires a step-by-step analysis of the interrelationship between sections 19 and 20 of the Lien Law. The motion raises three basic questions:
1. How is a lien against real property discharged, and what is the effect of such discharge?
*792 2. How is a lien against a cash deposit discharged?
3. Which party is entitled to the cash deposit once the lien on it is discharged?

1. Discharge of lien against real property

Section 20 of the Lien Law embodies the guidelines regarding discharge of a lien by payment of money. That section provides, in relevant part:
“§ 20. Discharge of lien after notice of lien filed by payment of money into court.
“A lien * * * may be discharged after the notice of lien is filed at any time before an action is commenced to foreclose such lien, by depositing with the county clerk, in whose office the notice of lien is filed, a sum of money equal to the amount claimed in such notice, with interest to the time of such deposit.”
The notice of lien was filed by petitioner against the premises on April 22, 1982. Respondent took measures to discharge the lien pursuant to section 20, by depositing $650 with the County Clerk, on March 22, 1983. The lien against the realty was thus discharged. However, discharge of the lien against the real property does not mean discharge of the lien for all purposes. Rather, respondent’s act of depositing money with the County Clerk merely caused the lien on the real property to be substituted by a lien on the money. In other words, the deposit of money for the purpose of clearing the encumbrance on the realty transferred the lien from the realty to the personalty. (Matter of Tumac Realty Corp. [Carner], 203 Misc 649.) Thus, the lien now applied to the money on deposit with the Department of Finance.

2. Discharge of lien against cash deposit

Subdivision (2) of section 19 of the Lien Law provides, in part:
“§ 19. Discharge of lien for private improvement.
“A lien * * * may be discharged as follows:
“(2) By failure to begin an action to foreclose such lien or to secure an order continuing it, within one year from the time of filing the notice of lien”. *793 According to this provision, in order to prevent discharge of the lien on the deposit, petitioner lienor was required to take one of two courses of action, within one year after the filing of the notice of lien. He had to either commence an action to foreclose the lien, or secure an order continuing the lien. (Matter of Thirty-fifth St. & Fifth Ave. Realty Co., 121 App Div 625.) Petitioner served the notice of lien on April 22, 1982. He took no action until July 20, 1983, at which time he submitted a proposed ex parte order for release of funds, which was summarily and properly rejected by the court clerk. It is clear that petitioner failed to take the requisite steps to prevent discharge of the lien within the one-year limit established by subdivision (2) of section 19.
Petitioner alleges that he was unable to proceed more expeditiously because he allegedly had to first obtain a certificate of electrical inspection from the Department of General Services of the City of New York. I find that petitioner’s argument lacks merit. In order to prevent discharge of the lien, subdivision (2) of section 19 merely requires the lienor to commence the foreclosure action within one year, or to seek an extension. The absence of the electrical inspection certificate did not prevent petitioner from taking the essential step of commencing it or seeking an extension.

3. Rights to cash deposit upon discharge of lien

Section 20 of the Lien Law states in part: “A deposit of money made as prescribed in this section shall be repaid to the party making the deposit * * * upon the discharge of the liens against the property pursuant to law.” (Emphasis added.)
As stated above, the lien against the real property was substituted by a lien against the money, upon respondent’s deposit of $650 with the County Clerk. Thus, it is clear that the term “property” contained in the above-quoted provision must necessarily refer to the cash deposit. Inasmuch as petitioner failed to commence a foreclosure action within one year, the lien against the cash property was discharged pursuant to subdivision (2) of section 19. This method of discharge falls squarely within the meaning of “discharge * * * pursuant to law” contained in section 20. *794 The unambiguous language of section 20 requires that, under these circumstances, the money shall be repaid to the party making the deposit. (Matter of Tumac Realty Corp. [Corner], supra.)
CONCLUSION
I find, pursuant to sections 19 and 20 of the Lien Law, that the shift from a real property lien to a cash deposit lien did not modify the requirement that an action to foreclose a lien must be commenced within one year of the filing of the notice of lien. Accordingly, petitioner’s motion to direct the Commissioner of the Department of Finance to release the fund is denied. Respondent’s opposing papers will be treated as a cross motion for an order directing repayment of the deposit. Since both parties are before the court, and a complete record is presented, it would serve no purpose to require respondent to file additional papers. (CPLR 103, subd [c]; 104, 3017, subd [a]; Matter of Phalen v Theatrical Protective Union No. 1, 22 NY2d 34.) Thus, respondent’s cross motion for repayment of the money is granted.
This decision is without prejudice to petitioner’s right to institute a plenary contract action. The merits of respondent’s claim, that the lien applied to money for work already included in the original contract price, have not been addressed by this court. That allegation is unrelated to the issues raised by the instant motion, and thus need not be reached.