OPINION OF THE COURT
Julius Vinik, J.
In an action to foreclose a mechanic’s lien, the defendant moves for summary judgment dismissing the complaint and discharging the mechanic’s lien.
On January 10, 1991, the defendant Nicola D’Egidio entered into an agreement with the plaintiff Bianchi Construction to perform certain improvements to defendants’ home for $65,000. By a letter dated July 24, 1992, after paying $34,000, D’Egidio terminated the agreement allegedly based upon plaintiffs failure to perform in a good and workmanlike manner. According to the County Clerk’s records, plaintiff filed a notice of lien on August 4, 1992. On July 27, 1993, plaintiff filed an extension of the lien. This action to foreclose the lien was commenced within the extended period.
The defendants now move to dismiss the complaint and discharge the mechanic’s lien. Defendants contend (1) that the *975 plaintiffs extension of the lien without notice was improper,[1] (2) that even if the extension was valid, plaintiff failed to timely file a notice of pendency, and (3) that the home improvement contract is void based upon plaintiffs failure to include, inter alla, the required cancellation notice.
Lien Law § 17 provides in pertinent part that: "No lien * * * shall be a lien for * * * [more] than one year * * * unless within that time an action is commenced to foreclose the lien, and a notice of the pendency of such action * * * is filed * * * or unless an extension to such lien * * * is filed within one year from the filing of the original notice of lien * * * No lien shall be continued by such extension for more than one year from the filing thereof.”
The initial filing of a lien under Lien Law § 11 must be made on notice. However, Lien Law § 17, as amended in 1989 (L 1989, ch 691, § 1), permits one extension by filing. The section has no express requirement that the extension be made on notice. Nevertheless, defendants assert that notice of the extension was required. This court disagrees.
Both Lien Law §§11 and 12-a (which provides for amendment of a lien) are explicit in requiring notice. In contrast, Lien Law § 17 has no requirement that the filing of an extension be made on notice. Clearly, if the Legislature had wished to require that an extension by filing be on notice, it would have expressly required that notice be given as it did in sections 11 and 12-a. Furthermore, since the lien is originally filed (and amended) on notice, notice of the extension would serve no useful purpose (Madison Lexington Venture v Crimmins Contr. Co., 159 AD2d 256, 258, lv dismissed 78 NY2d 905 [the statute does not require notice of an application to extend a lien and, insofar as an order extending a lien creates no new liability, none is necessary]). In fact, a review of the legislative Bill Jacket for the amendment to Lien Law § 17 (L 1989, ch 691, § 1) reveals that the extension by filing was added solely to eliminate undue cost and expense incurred by the mechanic’s lienor in the primarily pro forma exercise of obtaining a court-ordered extension. It would be contrary to the legislative intent to erect an additional hurdle for the lienor by requiring notice of an extension by filing.[2]
*976 Matter of Barnes Constr. Corp. v St. Bonoventure Univ. (131 Misc 2d 285), upon which defendants rely, was based upon Lien Law § 17 prior to the amendment permitting extension by filing. Thus, that court’s conclusion that a lienor was required to give notice to the property owner of an application to continue a lien is of limited value in a situation involving an extension by filing. Moreover, it is contrary to the weight of authority (see, Matter of Binghamton Masonic Temple v Armor El. Co., 186 AD2d 338; Madison Lexington Venture v Crimmins Contr. Co., supra). In any event, to the extent it could be read to require notice in the present case, it is rejected.
The defendants further contend that even if the extension was valid, the lien still expired a year later because no notice of pendency was filed. Plaintiff counters that it commenced an action within the extended period in satisfaction of the statutory requirement. Thus, the court must determine whether the commencement of an action, without filing a notice of pendency, is sufficient to continue the mechanic’s lien beyond a one-year extension.
Admittedly, Lien Law § 17 is not entirely clear. While section 17 does not explicitly require the filing of a notice of pendency when an action is commenced during the extension period, it does provide that "[n]o lien shall be continued by such extension for more than one year from the filing thereof.” Moreover, it is well settled that commencement of a foreclosure action alone, without filing a notice of pendency, is insufficient to continue a lien (Madison Lexington Venture v Crimmins Contr. Co., supra, citing Noce v Kaufman, 2 NY2d 347). Thus, this court concludes that the only logical interpretation of the statute is that a lien is good for one year only. To keep it valid longer, a lienor must, within that year, (1) start an action to foreclose the lien and (2) file a notice of pendency. Alternatively, a lienor can file (or move for) a one-year extension of the lien and consequently extend the time in which to start the action and file a notice of pendency. In the event both things are not accomplished within the extension period, and a further extension of the lien is not obtained by order of the court, the lien expires.
In other words, Lien Law § 17 provides that a lienor has one year from the filing of a mechanic’s lien to commence an *977 action and file a notice of pendency. However, the lienor may obtain a one-year extension of the time in which to accomplish the commencement of the action and the filing of a notice of pendency. Otherwise the lien expires. The notice of pendency, in effect, continues the mechanic’s lien for the period provided in CPLR 6513.
In sum, the court holds that (1) a one-year extension by filing need not be made on notice and that (2) an action must be commenced and a notice of pendency must be filed during the extension period in order to keep the lien alive beyond the one-year extension. Here, a valid extension was filed on July 27, 1993. An action was commenced during the extension period but no notice of pendency was filed. Consequently, the mechanic’s lien expired on July 27, 1994. Nevertheless, Lien Law § 17 provides that "[t]he failure to file a notice of pendency of action shall not abate the action as to any person liable for the payment of the debt specified in the notice of lien, and the action may be prosecuted to judgment against such person” (see, Paro v Biondo, 105 AD2d 577). Thus, plaintiff may still maintain an action against defendant Nicola D’Egidio personally.
Defendants’ contention that the home improvement contract is void because it did not comply with section 2-221 (a) (10) and section 2-221 (b) as well as other subdivisions of section 2-221 of the Rules of the City of New York ([6 RCNY] dealing with home improvement business) is without merit. Section 2-221 (a) (10) requires that the contract include a clause permitting the buyer to cancel the transaction; section 2-221 (b) requires that a form for such cancellation be provided with the contract. The other subdivisions of section 2-221 require that certain provisions and notices be included in a home improvement contract. Defendants contend these omissions void the contract. However, even the unreported decisions from the New York City Department of Consumer Affairs, upon which defendants rely, do not support defendants’ contention. In those decisions, violation of the provisions of section 2-221 merely resulted in the imposition of fines against the contractor. Restitution was ordered only because the contractors abandoned or willfully failed to perform work without justification. Restitution was not based upon the contractors’ failure to comply with section 2-221.
Finally, defendants contend that, because plaintiff failed to comply with section 2-221 (a) (10) and section 2-221 (b), the contract could be canceled at any time pursuant to section 2- *978 221 (f). Thus, defendants assert, the contract was canceled on July 24, 1992 and there is no contract upon which plaintiff can proceed. This court disagrees. The cancellation of the contract is prospective; otherwise the homeowner would receive a windfall in the form of all the work performed and materials used prior to the cancellation. Moreover, even assuming that the cancellation was retroactive, plaintiff would still have a quantum meruit claim.
Accordingly, defendants’ motion is granted only to the extent that the mechanic’s lien is vacated, otherwise the motion is denied. The complaint and counterclaims shall proceed on a contract basis.[3]

. In their reply papers, the defendants acknowledge that the property is, in fact, not a single-family dwelling and they withdraw their contention that the extension could not be obtained without an order of the court.

. To conclude that Lien Law § 17 implicitly requires notice, where the *976 statute is silent, could lead to untold lost claims and resulting legal malpractice actions.

. The court makes no determination on the merits of the complaint or any counterclaim.