■ In the Matter of CARL R. CACIOPPO ELECTRICAL CONTRAC-TORS, INC. SHARON GOLDBERG, Appellant; CLARA NEUMAN, Respondent. [688 NYS2d 168] —In a proceeding pursuant to Debtor and Creditor Law article 2, the assignee for the benefit of the creditors of Carl R. Cacioppo Electrical Contractors, Inc., appeals, as limited by her brief, from (1) stated portions of a judgment of the Supreme Court, Rockland County (Weiner, J.), entered December 1, 1997, and (2) so much of an amended judgment of the same court, entered January 8, 1998, as is in favor of Clara Neuman and against her, personally, in the total sum of $16,517.99.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

In 1990 Carl R. Cacioppo Electrical Contractors, Inc. (hereinafter Cacioppo), filed a mechanic's lien against real property owned by Clara Neuman, and thereafter commenced an action to foreclose the lien. Neuman deposited an appropriate sum of money with the court in order to discharge the lien. In 1993 pursuant to Debtor and Creditor Law article 2, Cacioppo voluntarily assigned all of its inventory and assets to Sharon Goldberg, as assignee for the benefit of its creditors. Although the assignee had a duty to prosecute and collect Cacioppo's claims, the mechanic's lien foreclosure action was never prosecuted, and, in 1996, the Rockland County Commissioner of Finance gave general notice in the local newspaper that the funds would be forfeited if not collected by a certain date.

Despite the pending foreclosure litigation, the court granted the assignee's ex parte application for an order authorizing the release of the funds. When Neuman later successfully moved for dismissal of the mechanic's lien foreclosure action for lack of prosecution, she learned that the moneys on deposit had already been released to the assignee without a determination of the lienor's entitlement thereto. Neuman obtained a judgment against, *inter alia*, the assignee for the return of the funds. The assignee appeals from the judgment on the ground that she may not be held personally liable.

Funds deposited with the court in order to discharge a mechanic's lien are deposited solely for the benefit of the lienor. However, the lienor may collect such funds only upon a determination by the court that the lien is valid (Lien Law § 20; *see, LaPointe v J.T.T. Contrs.*, 153 AD2d 880; *see also, First Fed.*

*Sav. & Loan Assn. v Burdett Ave. Props.,* 41 AD2d 356; *Harlem Plumbing Supply Co. v Handelsman,* 40 AD2d 768; *Matter of Standard Tile Co.,* 256 App Div 1096). The record indicates that the assignee was, or should have been, aware of the pending mechanic's lien litigation, and that she failed, in contravention of her responsibilities, to pursue the collection of the purported debt by lawfully establishing the validity of the lien and the lienor's right to the funds on deposit (*see,* Debtor and Creditor Law § 14; *People v St. Nicholas Bank,* 151 NY 592, 596; *Century Factors v Everything New,* 122 Misc 2d 89, 90). Since the assignee circumvented the lawful mechanic's lien process, she exceeded the authority vested in her as assignee, and the Supreme Court did not err in entering judgment, *inter alia,* against her individually. O'Brien, J. P., Joy, Krausman and Luciano, JJ., concur.