Matter of Branic Intl. Realty Corp. v Division of Code Enforcement of the Dept. of Hous. Preserv. & Dev. of the City of N.Y. (2024 NY Slip Op 01155)

Matter of Branic Intl. Realty Corp. v Division of Code Enforcement of the Dept. of Hous. Preserv. & Dev. of the City of N.Y.

2024 NY Slip Op 01155

Decided on March 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 05, 2024

Before: Singh, J.P., Friedman, Rodriguez, Higgitt, Rosado, JJ. 

Index No. 154950/22 Appeal No. 1798 Case No. 2023-00725 

[*1]In the Matter of Branic International Realty Corp., Petitioner-Appellant,
v
The Division of Code Enforcement of the Department of Housing Preservation and Development of the City of New York, Respondent-Respondent.

Rose & Rose, New York (David P. Haberman of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jennifer Lerner of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about January 5, 2023, which denied petitioner Branic International Realty Corp.'s petition for an order discharging a lien and directing the return of monies deposited, and granted the cross-motion of respondent New York City Department of Housing Preservation and Development (HPD) to dismiss the petition, unanimously affirmed, without costs.
In November 1998, HPD filed a notice of lien against premises in Manhattan for $213,736.78 on the basis that it had incurred that amount in relocation expenses under Administrative Code of the City of New York § 26-305(4)(a). Under the Administrative Code, the lien would continue for 10 years without enforcement action and could be extended for additional 10-year periods (Administrative Code § 26-305[4][b]). Since 1998, HPD has obtained two ex parte orders extending the lien for additional 10-year periods, the second granted on November 14, 2018. By deed dated August 5, 2019, the premises were transferred to a new owner. On that same date, to release the lien from the premises, Branic deposited $921,305.07 with the New York County Clerk in accordance with Lien Law § 20. In its petition, Branic argues that the lien is no longer a relocation lien upon the premises, but rather, is a mechanic's lien on the $921,305.07 of deposited funds. Thus, Branic maintains, because the lien against the premises has been discharged, Lien Law § 17 now controls the duration of the lien. Branic asserts that § 17 provides for a one-year lien period, therefore requiring that the funds be returned to it.
Supreme Court correctly found that under Administrative Code § 26-305(4)(b), the lien at issue still runs for the 10-year continuation period. The one-year period under Lien Law § 17, which governs mechanics' liens, was inapplicable even after petitioner deposited funds with the County Clerk to discharge HPD's lien on the real estate under Lien Law § 20, because "the effect of the deposit was to discharge the lien upon the real estate and shift it to the fund" (Harlem Plumbing Supply Co., Inc. v Handelsman , 40 AD2d 768, 768 [1st Dept 1972]). Thus, "the nature and character of the pending action has not changed; the deposit was merely substituted as security for the lien" (id. ).
We reject Branic's argument that this matter is governed by language in Administrative Code § 26-305(4) stating that "the effect and enforcement of [relocation liens shall be] governed by the provisions of law regulating mechanics liens." In making this argument, Branic omits the rest of the section, namely "and by the provisions of paragraph[] . . . (b) . . . of this subdivision." Paragraph (b), in turn, provides for a 10-year continuation.
Branic's reliance on language in Administrative Code § 26-305(4)(b) stating that the 10-year duration applies "unless proceedings are . . . taken to . . . discharge such lien" does not compel the result that Branic seeks. As noted, although the [*2]lien was discharged "upon the real estate," it continued to exist, but simply shifted to the deposited funds (Harlem Plumbing Supply Co., Inc. , 40 AD2d at 768; see also LaPointe v J.T.T. Contractors, Inc. , 153 AD2d 880, 881 [2d Dept 1989]). Accordingly, the discharge effected by Lien Law § 20 is not the type of discharge proceeding contemplated by Administrative Code § 26-305(4)(b).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 5, 2024